UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMINE BALLESTEROS MORENO,

Plaintiff,

v.

MONTEREY COUNTY,

Defendant.

Case No. 26-cv-03424-LJC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Jasmine Moreno, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 about her prior jail detention in Monterey County. She has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The court now addresses the claims asserted in Moreno's complaint.

**DISCUSSION**

**I.      Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Moreno's Allegations

Moreno alleges that she was incarcerated in Monterey County Jail from December 2, 2025 to January 28, 2026, during which time she did not receive her medication, leading to a mental breakdown. The mental health department did not help her until her last week at the jail. Usually she gets her medication the same day she goes to the jail, where she has been in and out for the last ten years. She signed papers for various pharmacies in Monterey County but was rejected by them. Moreno "would like the Monterey County Jail to be more helpful" and to know why she was rejected and discriminated against.

Moreno has only named Monterey County as a defendant. Local governments, including counties, are only subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional violation. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Moreno has not alleged a county policy or custom that caused a constitutional violation. She may file an amended complaint to name a specific individual defendant whom she alleges is responsible for denying her medication at the jail. If she chooses to file an amended complaint, she should also explain what relief she is seeking. Her request to require the jail to be more helpful is not something she can pursue in court, because she is no longer incarcerated at the jail, making it moot unless she can demonstrate that after she serves her prison sentence she is likely to return to the Monterey County Jail and experience the same treatment again. In addition, if she chooses to file an amended complaint, Moreno should explain what medication she needed that she did not receive and why it led to a mental breakdown.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

**CONCLUSION**

Based on the foregoing, the court orders as follows:

1. Even liberally construed, the allegations do not give rise to any federal claims against any defendants. These claims are dismissed with leave to amend to remedy the deficiencies noted above.

2. If Moreno wishes to file a First Amended Complaint (FAC), she must do so within **twenty-eight days** from the date of this order. The FAC must include the caption and civil case number used in this Order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Moreno must include in it all the allegations she wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from his original complaint or petition by reference. Failure to amend within the designated time will result in the dismissal of this case with prejudice.

3. It is Moreno's responsibility to prosecute this case. She must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

3